William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
501 Fifth Avenue, 15th Floor
New York, New York  10017
(Phone) (212) 286-1425; (Fax)(646) 688-3078

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CARMEN TAVERAS,                                    :        ECF
Individually and on Behalf of All Other            :        17 Civ. _____
Persons Similarly Situated,                        :
                                                   :
                            Plaintiffs,            :
                                                   :        **COMPLAINT AND**
            -against-                              :        **JURY DEMAND**
                                                   :
YORK HEALTHCARE, LLC, MEL ESCOBAR and              :
JOHN DOES #1-10,                                   :
                                                   :
                            Defendants.            :
-------------------------------------------------------------------------X

   Plaintiff CARMEN TAVERAS ("Plaintiff"), on behalf of herself individually, and as

class representative of other employees similarly situated, by and through her attorney,

complains and alleges for her complaint against YORK HEALTHCARE, LLC, MEL ESCOBAR

and JOHN DOES #1-10, (together "Defendant" or "Defendants") as follows:

## NATURE OF THE ACTION

   1. Plaintiff CARMEN TAVERAS was a home health aide from August 12, 2015

until about March 15, 2016 (the "time period") who worked numerous 24 hour shifts for which

she was illegally paid for only 13 of the 24 hours worked, as she did not get meal breaks and did

not get 5 hours of uninterrupted sleep.

   2. Plaintiff Taveras worked for Defendants for more than 40 hours per week

("overtime hours") and, was not paid time and one half for her overtime hours.

   3. Furthermore, Plaintiff Taveras was not paid time and one half her regular wage

rate for even her hours worked over 40 for which Defendants gave her credit and paid her.

4.     Plaintiff alleges on behalf of herself and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid minimum wages and wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

5.     Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendant for (a) hours worked for which they did not receive wages including minimum wages as required under the Wage Parity Act and New York Labor Law, (b) overtime hours worked for which they did not receive time and one half the minimum wage or time and one half their actual wages, and (c) spread of hours work performed for which they did not receive an extra hour of pay, as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations and are also entitled to damages under the New York Wage Theft Prevention Act because Defendants did not provide proper notices to Plaintiff.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9.     Plaintiff CARMEN TAVERAS was, at all relevant times, an adult individual, residing in Bronx County in New York State.

10.     Upon information and belief, Defendant YORK HEALTHCARE, LLC, ("Corporate Defendant") is a New York corporation, with its principal place of business at York HealthCare, LLC, 120-34 Queens Blvd., Suite 340, Kew Gardens, NY 11415.

11.     Upon information and belief, Defendant MEL ESCOBAR is an officer, director and/or managing agent of the Corporate Defendant, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

12.     Upon information and belief, MEL ESCOBAR ("Escobar") is the Administrator of YORK HEALTHCARE, LLC, and has held this position during the last six years (the "Escobar time period").

13.     Upon information and belief, during the Escobar time period, Escobar had authority over the Corporate Defendant's management, supervision, and oversight of the Corporate Defendant's affairs in general and exercised operational control over the Corporate Defendants' home health aide employees and other employees and his decisions directly affected the nature and condition of the home health care employees' employment.

14.     Upon information and belief, during the Escobar time period, Escobar (1) had the

power to hire and fire the home health aide employees of the Corporate Defendant, (2) supervised and controlled the home health aide employees' schedules and conditions of employment, (3) determined the rate and method of payment of the home health aide employees, and (4) maintained employment records related to the home health aide employees.

15.     Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

16.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at any time since October 23, 2011 (time tolled by failure to post notice) to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wages and/or overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 40 members of the Class during the Collective Action

Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

18.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

19.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

20.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.      whether the Defendant employed the Collective Action members within the meaning of the FLSA;

b.      whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c.      what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.        whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e.        whether Defendant failed to pay the Collective Action Members minimum wages and overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.        whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

g.        whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h.        whether Defendant should be enjoined from such violations of the FLSA in the future.

21.       Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

22.       Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

23.       Plaintiff brings her New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since October 23, 2011, to the entry of judgment in this case (the "Class Period"), who were not paid all their straight time wages, minimum wages (including those required by the NY Health Care Worker Wage Parity Act), spread of hour wages, and/or overtime wages and/or were not provided the notices required by the Wage

Theft Prevention Act (the "Class").  *See Andryeyeva v New York Health Care, Inc.,* 2017 N.Y. App. Div. LEXIS 6408, (2d Department, September 13, 2017) (affirming certifying class of home health aides who were not paid for all of their 24 hour shifts).

24. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there at least 40 members of Class during the Class Period.

25. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

26. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

27. Plaintiff is committed to pursuing her action and has retained competent counsel experienced in employment law and class action litigation.

28. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

29. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.      whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

b.      whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c.      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.      whether Defendant failed and/or refused to pay the members of the Class for all hours worked by them as well as premium pay for hours worked in excess of forty hours per workweek as well as spread of hours pay for hours worked a spread of more than ten hours, within the meaning of the New York Labor Law;

e.      whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees;

f.      whether the Defendant should be enjoined from such violations of the New York Labor Law in the future; and

## STATEMENT OF FACTS

30.     Plaintiff CARMEN TAVERAS ("TAVERAS") was a home health aide/maid employed by YORK HEALTHCARE, LLC, and MEL ESCOBAR (collectively "Defendants"), from about August 12, 2015 until about March 15, 2016 (the "time period").

31.     Defendants are an employment agency that sent TAVERAS to work as a home health aide/maid for numerous customers located in New York City, N.Y.

32.     During the time period, TAVERAS was not paid full regular wages for all of her hours worked and was not paid overtime wages for all of her hours worked over forty in a

workweek ("overtime"), and was not paid an extra hour of pay for her hours worked over a spread of 10 hours per day.

33.     During the time period, TAVERAS often worked for 24 hours staying overnight at the client's house, and on these days was only paid for 13 hours, despite the fact that her sleep was regularly interrupted generally at least 3-4 times by the client throughout the night which prevented her from getting 5 hours of uninterrupted sleep and/or 8 hours of sleep and despite the fact that TAVERAS was not given any time off for meal breaks.

34.     During the time period, TAVERAS' residence was not the residence of any client but was at all times 55 Mount Hope Place, Apt. 3, Bronx, N.Y. 10453.

35.     During the time period, TAVERAS signed in and out using the client's land line phone. When she clocked out, she generally entered codes showing the types of work that she had performed.

36.     During the time period, TAVERAS did not receive a meal break and generally ate while working.

37.     During the time period, TAVERAS was not paid for all of her hours worked and was not paid for her hours worked over 40 hours a week ("overtime hours") at time and one half TAVERAS' regular wage rate or time and one half the minimum wage rate.

38.     During the time period, TAVERAS' job responsibilities as a home health aide/maid included, among others, cleaning the entire house, cooking and doing the laundry.

39.     TAVERAS was required to prepare three meals a day, breakfast, lunch and dinner, unless the client went out for a meal.

40.     Breakfast usually consisted of coffee, eggs, toast, oatmeal, and plantains.

41.     Lunch usually consisted of a cooked meal with rice or pasta, beans and a meat or

fish.  Sometimes alternatively TAVERAS made a sandwich or mixed vegetables for lunch.

42.     Dinner usually consisted of a cooked meal with rice or pasta, a meat (usually chicken or fish) and also soup and dessert similar to lunch.

43.     TAVERAS was required to prepare whatever foods the customer requested.

44.     TAVERAS generally was required to make the beds every morning.

45.     Defendants required TAVERAS to do a number of tasks on a daily basis, including but not limited to: dusting, vacuuming, cleaning the bathroom (including the toilet, tub and shower), mopping the kitchen floors, scrubbing the kitchen counters, cleaning the pots and pans, loading/unloading the dishwasher, and taking out the garbage.

46.     TAVERAS generally was required to do the laundry two days per week.

47.     TAVERAS was also required to clean out the refrigerator and put away the new groceries at least once every week.

48.     TAVERAS spent at least 30% of her time directly performing household work.

49.     During the time period, Defendants hired at least 40 other similar home health aides/maids, who also were not paid their overtime at the full time and one half rate or at the time and one half the minimum wage rate and also worked for clients whose invoices were directly or indirectly paid for by New York Medicaid and also did not receive the minimum wage rate required by New York law.

50.     During the time period, TAVERAS was not getting meal breaks and was not getting 5 hours of uninterrupted sleep and 8 hours of total sleep during her 24 hour live in shifts.

51.     Throughout the time period, Defendant has likewise employed at least 40 other individuals, like TAVERAS, in positions as home health aides/maids.

52.     Throughout the time period, such individuals have only been paid for 13 hours of

work when they work a 24 hour overnight shift and were not paid for all at their hours worked during 24 hour assignments during which they were not able to get uninterrupted sleep, and have not been paid minimum wages for all hours worked and have not been paid overtime premium wages of one and one half times the minimum wage rate or one and one half times their regular hourly rate for their overtime hours worked.

53.     During the time period, TAVERAS and the similar home health aide/maid employees of Defendant were not specifically notified by Defendants of the regular pay day designated by Defendants, Defendants' name, address and principle place of business and telephone number and her specific rate of pay as required by the New York Wage Theft Prevention Act.  TAVERAS has not been given any specific notice of this information to sign and have not signed any such notice.  Upon information and belief the other home health aide employees also were not given such notice.

## CLAIM I
## FAIR LABOR STANDARDS ACT

54.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

55.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

57.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

58.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).  The named Plaintiff's written consent is attached hereto and incorporated by reference.

59.     At all relevant times, the Defendants had a policy and practice of refusing to pay its employees minimum wages and/or overtime wages equal to time and one half their employees' regular wages for hours worked over forty in a work week.

60.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members overtime wages and/or minimum wages for all of their hours worked the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

61.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

62.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63.     Due to the Defendants' FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendants, their unpaid minimum and overtime wages, and an equal additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**CLAIM II**

## NEW YORK LABOR LAW

64.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65.     At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66.     Defendants willfully violated Plaintiff's rights, and the rights of the members of the Class, by failing to pay them wages in violation of the New York Labor Law and its regulations.

67.     The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

68.     Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, unpaid minimum wages, unpaid overtime wages, unpaid spread of hours wages, reasonable attorneys' fees, and/or costs and disbursements of the action, pursuant to New York Labor Law §663(1) et seq.

69.     Defendants willfully violated Plaintiff's rights by failing to provide his proper notices and wage statements in violation of the New York Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a) (enacted on April 9, 2011).

70.     As a result of Defendants' violation of the New York Wage Theft Prevention Act, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## CLAIM III
(Breach of Contract –Third Party Beneficiaries of Wage Parity Act Contract
With New York State)

71.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this

Complaint.

72.     Upon information and belief, at all times relevant to this complaint, Defendant were required to certify and did certify that they paid Plaintiff and members of the Class wages as required by NY Health Care Worker Wage Parity Act.

73.     The agreement to pay Plaintiff and the Class wages as required by the NY Health Care Worker Wage Parity Act was made for the benefit of the Plaintiff and the Class.

74.     Defendant breached their obligation to pay Plaintiff and the Class all wages they were due as required by the NY Health Care Worker Wage Parity Act and as result Plaintiffs and members of the Class were injured.

75.     Plaintiff and the Class, as third party beneficiaries of Defendants' contract with government agencies to pay wages as required by the NY Health Care Worker Wage Parity Act, and as persons protected by the NY Health Care Worker Wage Parity Act are entitled to relief for the breach of this contractual obligation and the violation of this Act, plus interest.

## CLAIM IV
(Unjust Enrichment, Defendants' Failure to Pay All Wages Due Including Wages for Minimum Wages under the NY Health Care Worker Wage Parity Act, and Spread of Hours)

76.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

77.     Under the common law doctrine of "unjust enrichment" insofar as Defendants, by their policies and actions, benefited from, and increased their profits and personal compensation by failing to pay Plaintiff and the Class: (1) all wages due for work performed; (2) an extra hour at the minimum wage for working a "spread of hours" in excess of 10 hours or a shift longer than 10 hours; and (3) all minimum wages due under NY Pub. Health§ 3614-c, the New York Health Care Worker Wage Parity Act.

78.     Defendant accepted and received the benefits of the work performed by Plaintiff and the Class at the expense of Plaintiff and the Class.  It is inequitable and unjust for Defendants to reap the benefits of Plaintiff's and the Class's labor, without paying all wages due, which includes but is not limited to all minimum wages due under NY Pub. Health§ 3614-c, the New York Health Care Worker Wage Parity Act, regular hours caring for the clients of Defendants, and failing to pay for required trainings, uniform expenses, and the pay due for spread of hours.

79.     Plaintiff and the Class are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendant, plus interest on these amounts.

## CLAIM V
(Violation of Wage Parity Act Minimum Wage Requirement)

80.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

81.     Upon information and belief, at all times relevant to this complaint, Defendants were required to certify and did certify that they paid Plaintiff and members of the Class wages as required by NY Health Care Worker Wage Parity Act.

82.     Under the NY Health Care Worker Wage Parity Act Defendants were required to pay Plaintiff and the members of the Class minimum wages under the NY Health Care Worker Wage Parity Act.

83.     Defendants breached their obligations to pay minimum wages as required by the NY Health Care Worker Wage Parity Act, and as result Plaintiff and members of the Class were injured.

84.     Plaintiff and the Class are entitled to recover their unpaid minimum wages, plus

interest, as relief for the violation of the NY Health Care Worker Wage Parity Act.

## CLAIM VI
(Breach of Contract-Wages)

85.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

86.     Plaintiff and the members of the class entered into contracts with the Defendant under which Plaintiff and the members of the Class were to provide home health aide and maid services and Defendants were required to pay wages as required by law.

87.     Plaintiff and the members of the Class fulfilled their obligations under the contracts but Defendant failed to pay wages as required by law.

88.     As a result of Defendants' breach, Plaintiff and the members of the Class are entitled to recover damages, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the

pendency of this action, permitting them to assert timely FLSA claims in this
action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and
appointing Plaintiff and her counsel to represent the Collective Action members;

c.   A declaratory judgment that the practices complained of herein are unlawful
under the FLSA and the New York Labor Law;

d.   An injunction against the Defendants and their officers, agents, successors,
employees, representatives and any and all persons acting in concert with it, as
provided by law, from engaging in each of the unlawful practices, policies and
patterns set forth herein;

e.   An order tolling the statute of limitations;

f.   An award of unpaid wages, spread of hours wages, overtime wages and minimum
wages due under the FLSA, the New York Labor Law, the New York common
law, and/or the NY Health Care Worker Wage Parity Act;

g.   An award of liquidated and/or punitive damages, as a result of the Defendants'
willful failure to pay wages, minimum wages, and/or overtime wages pursuant to
29 U.S.C. § 216 and the New York Labor Law and the New York common law
and the NY Health Care Worker Wage Parity Act;

h.   An award of prejudgment and postjudgment interest;

i.   An award of costs and expenses of this action together with reasonable attorney's
and expert fees;

j.   Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.


Dated:  New York, New York
        October 23, 2017


                              LAW OFFICE OF WILLIAM COUDERT RAND



                              _____
                              William Coudert Rand, Esq.
                              *Attorney for Plaintiff*, Individually and on
                              Behalf of All Persons Similarly Situated
                              501 Fifth Avenue, 15th Floor
                              New York, New York 10017
                              Tel: (212) 286-1425
                              Fax: (646) 688-3078
                              Email: wcrand@wcrand.com

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _York Healthcare LLC Mel Escobar_ to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Carmen T_          _8/10/17_          _Carmen Taveras_
Signature                     Date     Print Name

8